**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Lee Hinton,<br><br>　　　　　　Movant/Defendant,<br><br>vs.<br><br>United States of America,<br><br>　　　　　　Respondent/Plaintiff. | No. CV-20-00371-PHX-DGC (MTM)<br><br>No. CR-18-00720-PHX-DGC<br>(Related Case)<br><br>**ORDER** |

Derrick Hinton was sentenced to federal prison for aggravated sexual abuse in Case No. CR-18-00720-PHX-DGC. He brought this civil action seeking to vacate the sentence under 28 U.S.C. § 2255. Doc. 1.[1] Magistrate Judge Michael Morrissey has issued a report recommending that Hinton's § 2255 motion be denied ("R&R"). Doc. 12. Hinton has filed an objection to which the government has responded. Docs. 13, 14. For reasons stated below, the Court will accept the R&R and deny the motion.

**I.    Background.**

On May 31, 2013, Hinton assaulted and sexually abused a mentally challenged woman on the San Carlos Apache Indian Reservation. Docs. 28 ¶¶ 2-4, 32 ¶ 10. At the time of the crimes, Hinton was an Indian and a member of the San Carlos Apache Tribe. Docs. 28 ¶¶ 2, 32 ¶ 10. In August 2014, a jury convicted Hinton of aggravated battery,

---

[1] Citations to documents in this civil action are denoted "Doc." and citations to documents in the underlying criminal case are denoted "CR Doc." Citations are to page numbers attached to the top of pages by the Court's electronic filing system.

1

1   kidnapping, and sexual assault in San Carlos Apache Tribal Court (Case No. CR2013-1024). Doc. 28 ¶ 5. He was sentenced to 150 days custody followed by one year of probation. *Id.*

A federal grand jury indicted Hinton for the crimes in May 2018, charging him with aggravated sexual abuse (counts one and two) and kidnapping (count 3) under the Major Crimes Act, 18 U.S.C. § 1153, which permits the federal government to prosecute Indians in federal court for a limited number of enumerated offenses committed within Indian country. CR Docs. 1, 4; *see also* 18 U.S.C. §§ 1201 (kidnapping), 2241 (aggravated sexual abuse); *United States v. Other Medicine*, 596 F.3d 677, 680 (9th Cir. 2010) (discussing the Major Crimes Act and noting that "Indian country includes 'all land within the limits of any Indian reservation'") (quoting 18 U.S.C. § 1151(a)). Hinton pled guilty to count one in November 2018. CR Doc. 23. On February 14, 2019, the Court sentenced him to 224 months in prison followed by 10 years of supervised release. CR Doc. 31. Hinton is confined at the United States Penitentiary in Tucson, Arizona. *See* Federal BOP, https://www.bop.gov/ mobile/find_inmate/byname.jsp#inmate_results (last visited Apr. 28, 2021). His projected release date is April 26, 2034. *See id.*

Hinton moves to vacate his sentence pursuant to § 2255, which provides that a federal prisoner may obtain relief from his sentence if it was "imposed in violation of the United States Constitution or the laws of the United States[.]" 28 U.S.C. § 2255(a). Hinton asserts a single ineffective assistance of counsel claim, arguing that his counsel erroneously failed to object to the indictment on double jeopardy grounds. Doc. 1 at 2. Judge Morrissey concluded that Hinton's counsel did not render ineffective assistance because any challenge to the indictment on double jeopardy grounds would have been futile. Doc. 12 at 5-6.

**II.    R&R Standard of Review.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection

2

is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. Discussion.

### A. Ineffective Assistance of Counsel.

To prevail on a claim for ineffective assistance of counsel under the Sixth Amendment, a defendant must show both deficient performance and prejudice – that counsel's representation fell below the objective standard for reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 686-88, 694 (1984). The defendant has the burden of proving his claim and must overcome a "strong presumption that the representation was professionally reasonable." *Id.* at 689. The defendant also must show that "[t]he likelihood of a different result [is] substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86 (2011) (citing *Strickland*, 466 U.S. at 693 ("It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.") (internal citation omitted)). With respect to plea proceedings, the second prong of *Strickland* is satisfied where the defendant shows that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Missouri v. Frye*, 566 U.S. 134, 148 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### B. Hinton's § 2255 Motion.

Hinton claims that his counsel was ineffective in "failing to object to [him] being convicted and sentenced for the second time for the same offense in violation of [his] Fifth Amendment Right not to be placed in jeopardy twice for the same offense[.]" Doc. 1 at 2. Hinton "concedes he was not prejudiced by trial counsel's deficient

3

performance." *Id.* at 8.  This concession is fatal to Hinton's ineffective assistance of counsel claim – he has not established the "prejudice" prong of *Strickland*.  *See Box v. United States*, No. CR-17-00735-PHX-DLR, 2021 WL 37514, at *2 (D. Ariz. Jan. 5, 2021) (denying § 2255 motion where the defendant "did not establish the second element of an ineffective assistance of counsel claim: prejudice"); *Johnson v. Montgomery*, No. 2:20-cv-03058-JWH-JDE, 2020 WL 8767726, at *15 (C.D. Cal. Dec. 21, 2020) (defendant's "ineffective-assistance-of counsel subclaims fail because he has not shown prejudice"); *Torres v. Ryan*, No. CV-17-08227-PCT-DJH (ESW), 2019 WL 11743544, at *14 (D. Ariz. May 29, 2019) (rejecting ineffective assistance argument where the defendant "failed to sufficiently indicate how he was prejudiced by his trial counsel's failure to cross-examine the victim").

Hinton further concedes that his double jeopardy argument is foreclosed under the "dual sovereignty doctrine" and Supreme Court precedent, but asserts that his counsel's performance was nonetheless deficient because an "argument raised in an effort to preserve the issue [or] reverse existing law can never be frivolous."  Doc. at 7-8.

### C. Judge Morrissey's R&R.

As Judge Morrissey explained, the Supreme Court has "long held that a crime under one sovereign's laws is not 'the same offence' as a crime under the laws of another sovereign."  Doc. 12 at 6 (quoting *Gamble v. United States*, 139 S. Ct. 1960, 1963 (2019)).  The basis for this "dual sovereignty doctrine" is that "prosecutions under the laws of separate sovereigns do not, in the language of the Fifth Amendment, 'subject the defendant for the same offence to be twice put in jeopardy.'"  *United States v. Wheeler*, 435 U.S. 313, 317 (1978) (brackets omitted).  When an Indian tribe "exercises inherent power, it flexes its own sovereign muscle, and the dual sovereignty exception to double jeopardy permits federal and tribal prosecutions for the same crime."  *United States v. Enas*, 255 F.3d 662, 667 (9th Cir. 2001); *see also United States v. Lara*, 541 U.S. 193, 198 (2004) ("[T]his Court has held that an Indian tribe acts as a separate sovereign when it prosecutes its own members.") (citing *Wheeler*, 435 U.S. at 318, 322-23); *United States*

4

*v. Gatewood*, No. CR-11-08074-PCT-JAT, 2012 WL 2389960, at *2 (D. Ariz. June 18, 2012) ("[T]he Tribe's power to prosecute crimes committed by and against its own tribe members falls within its inherent tribal sovereignty.") (citing *Wheeler*, 435 U.S. at 328).

The San Carlos Apache Tribe is a federally-recognized Indian tribe. CR Docs. 32 ¶ 10(b), 40 at 15; *see also Goddard v. Babbitt*, 536 F. Supp. 538, 539 (D. Ariz. 1982) (the "San Carlos Apache Tribe is a dependent sovereign Indian nation, and a federally recognized Indian tribe with over 8,000 members"); 84 FR 1200-01, 2019 WL 399367(F.R.) (Feb. 1, 2019) (Bureau of Indian Affairs notice listing the "San Carlos Apache Tribe of the San Carlos Reservation, Arizona" as a recognized Indian tribe). Hinton does not dispute that he committed the kidnapping and sexual assault on the San Carlos Apache Indian Reservation and that he was a member of the San Carlos Apache Tribe at the time of the crimes and during his prosecution by the Tribe in 2013-14. *See* CR Docs. 28 ¶ 2, 32 ¶ 10, 40 at 15-16. Because the Tribe exercised its inherent sovereign power to prosecute Hinton for kidnapping and sexual assault, the dual sovereignty doctrine applies and Hinton's federal prosecution for the same crimes is not barred by the Double Jeopardy Clause of the Fifth Amendment. *See Gatewood*, 2012 WL 2389960 at *3 (finding that "the Tribe is a sovereign entity and that successive prosecutions in tribal court and federal court are permissible under the Dual Sovereignty Doctrine").

Judge Morrissey found that Hinton has not satisfied the first prong of *Strickland* – counsel did not fall below an objective standard of reasonableness by failing to raise a meritless double jeopardy argument. Doc. 12 at 6 (citing *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) ("Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless.")).

### D. Hinton's Objections to the R&R.

Hinton asserts multiple objections to Judge Morrissey's R&R. Doc. 13 at 3-10. The government notes, correctly, that Hinton merely reiterates arguments made in his

§ 2255 motion. Doc. 14 at 1. The Court has nonetheless considered the objections and finds them to be without merit.[2]

Objection No. 1

Hinton cites *United States v. Bearcomesout*, No. CR 16-13-BLG-SPW, 2016 WL 3982455, at *2 (D. Mont. July 22, 2016), in which the district court noted that "[t]he obvious disagreement about the state of tribal sovereignty among Supreme Court justices contained in various dissents and concurrences over the years unquestionably creates uncertainty and doubt about whether the term 'independent sovereign' still appropriately applies to Indian tribes." *Id.* at 3. But the district court made clear that "the Supreme Court [has] reaffirmed the rule . . . that tribal sovereignty continues to exist, at least as it relates to Double Jeopardy[.]" 2016 WL 3982455, at *2 (citing *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1872 (2016)); *see also United States v. Bearcomesout*, 696 F. App'x 241 (9th Cir. 2017) (affirming the denial of defendant's motion to dismiss because his double jeopardy argument was foreclosed by *Sanchez Valle*).[3]

Objections Nos. 3-7

Hinton asserts several objections based on the limited sovereignty Indian tribes possess under federal Indian law: "Congress has the power to expand and contract the inherent sovereignty Indian tribes possess"; tribes are "domestic dependent nations" subject to plenary control by Congress; the sovereignty tribes retain is of a "unique and limited character" such that it exists only at the "sufferance of Congress and is subject to complete defeasance"; tribes do not have "full territorial sovereignty" because they are without "power to enforce laws against all who come within the sovereign's territory";

---

[2] Hinton does not object to the R&R's background and principles of law sections. Doc. 13 at 3-4; *see* Doc. 12 at 2-6.

[3] Hinton notes in his motion that a petition for certiorari in *Bearcomesout* was pending at the time of his sentencing in this case. Doc. 1 at 7. The Supreme Court's denial of the petition, *see Bearcomesout v. United States*, 139 S. Ct. 2739 (2019), precludes a finding of prejudice with respect to Hinton's ineffective assistance of counsel claim.

6

and Congress has "altered the scope of tribal power" by enacting legislation allowing tribes to prosecute "non-member" Indians. Doc. 13 at 5-8; *see also* Doc. 1 at 4-8.

Hinton is correct that Congress possesses broad authority to legislate Indian affairs. *See Lara*, 541 U.S. at 194. The Major Crimes Act – under which Hinton was prosecuted in this case (*see* Doc. 1 at 1-2) – "stands as the leading example of an effort by Congress to legislate Indian affairs." *United States v. Scott*, No. CR 19-29-GF-BMM, 2020 WL 2126694, at *3 (D. Mont. May 4, 2020). The Major Crimes Act specifically authorizes the federal government to prosecute Indians in federal court for kidnapping and sexual abuse committed in Indian country. 18 U.S.C. 1153(a); *see United States v. Torres*, 733 F.2d 449, 453 (7th Cir. 1984) ("appellants were prosecuted for . . . kidnaping under the Major Crimes Act"); *United States v. Blake*, No. CR 11-2918 RB, 2012 WL 13081285, at *1 (D.N.M. May 8, 2012) (defendant was prosecuted for "aggravated sexual abuse, in violation of the Major Crimes Act"). Hinton previously was convicted for the kidnapping and sexual abuse crimes in San Carlos Apache Tribal Court, but can "find no protection from this federal prosecution under the Double Jeopardy Clause as the Supreme Court has concluded that a subsequent prosecution in federal court under the Major Crimes Act does not violate double jeopardy principles." *Scott*, 2020 WL 2126694, at *3 (citing *Lara*, 541 U.S. at 210; *Sanchez Valle*, 136 S. Ct. at 1870-72).

The Supreme Court explained in *Sanchez Valle* that the inquiry for determining whether the "dual sovereignty doctrine" applies "does not turn, as the term 'sovereignty' sometimes suggests, on the degree to which the second entity is autonomous from the first or sets its own political course. Rather, the issue is only whether the prosecutorial powers of the two jurisdictions have independent origins – or, said conversely, whether those powers derive from the same 'ultimate source.'" 136 S. Ct. at 1867 (quoting *Wheeler*, 435 U.S. at 320). The Supreme Court provided this explanation as to why Indian tribes are separate sovereigns under the Double Jeopardy Clause:

> Originally, as the Court has noted, the tribes were self-governing sovereign political communities, possessing (among other capacities) the inherent

> power to prescribe laws for their members and to punish infractions of those laws. After the formation of the United States, the tribes became "domestic dependent nations," subject to plenary control by Congress – so hardly "sovereign" in one common sense. But unless and until Congress withdraws a tribal power – including the power to prosecute – the Indian community retains that authority in its earliest form. The ultimate source of a tribe's power to punish tribal offenders thus lies in its "primeval" or, at any rate, "pre-existing" sovereignty: A tribal prosecution, like a State's, is attributable in no way to any delegation of federal authority. And that alone is what matters for the double jeopardy inquiry.

*Id.* at 1872 (internal citations and quotation marks omitted). Hinton cites no authority suggesting that Congress has withdrawn the San Carlos Apache Tribe's inherent sovereign power to prosecute its members for crimes committed on the reservation. *Cf. Wheeler*, 435 U.S. at 322 ("It is undisputed that Indian tribes have power to enforce their criminal laws against tribe members. Although physically within the territory of the United States and subject to ultimate federal control, they nonetheless remain 'a separate people, with the power of regulating their internal and social relations.' Their right of internal self-government includes the right to prescribe laws applicable to tribe members and to enforce those laws by criminal sanctions.") (citations omitted).[4]

Because Hinton's double jeopardy argument is entirely without merit, Judge Morrissey correctly found that Hinton's counsel did not represent him ineffectively by failing to raise the argument. Doc. 12 at 6; *see also Devore v. People of California*, No. CV-18-08894-JAK-DFM, 2020 WL 6163622, at *3 (C.D. Cal. Sept. 9, 2020) ("Trial counsel cannot have been ineffective for 'failing to raise a meritless' double jeopardy argument.") (quoting *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005)).

### Objections 2, 8-9

Hinton objects to Judge Morrissey's recommendation that a certificate of appealability be denied. Doc. 13 at 4, 9-10. To obtain a certificate of appealability,

---

[4] *Wheeler* and *Sanchez Valle* foreclose Hinton's argument that an Indian tribe's authority to prosecute criminal offenses did not exist until Congress enacted the power through legislation. Doc. 1 at 7.

Hinton must (1) make a substantial showing of the denial of a constitutional right, and (2) show that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Hinton has made no showing of the denial of a constitutional right.  And while there has been some disagreement among Supreme Court Justices about the state of tribal sovereignty over the years (Doc. 13 at 4), no reasonable jurist would find the Court's rejection of Hinton's double jeopardy argument debatable or wrong.  *See Wheeler*, 435 U.S. at 322-23; *Lara*, 541 U.S. at 198; *Sanchez Valle*, 136 S. Ct. at 1872; *Enas*, 255 F.3d at 667.

**IT IS ORDERED:**

1. Judge Morrissey's R&R (Doc. 12) is **accepted**.
2. Hinton's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) is **denied**.
3. A certificate of appealability is **denied**.
4. The Clerk is directed to enter judgment and **terminate** this action.

Dated this 4th day of May, 2021.

David G. Campbell
Senior United States District Judge